UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. VICTORY, | No.  2:16-cv-0997 WBS CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BOARD OF PAROLE HEARINGS, et al., | |
| Defendants. | |

I.  Introduction

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  He commenced this action on May 11, 2016.  On June 9, 2016, plaintiff filed a motion to amend the complaint along with a proposed amended complaint.  On June 17, 2016, the undersigned granted leave to amend along with plaintiff's motion to proceed in forma pauperis.  This action proceeds on the amended complaint filed June 9, 2016.  (ECF No. 8-1.)

II.  Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   In order to avoid dismissal for failure to state a claim a complaint must contain more than

9   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

10   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

11   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

13   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

14   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

15   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

16   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

17   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

18   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

19   U.S. 232, 236 (1974).

20   III.  Discussion

21   Plaintiff names as defendants three officials at the state's Board of Parole Hearings

22   (BPH), three state court clerks, and two prison officials who denied an inmate appeal related to

23   his claims.  Plaintiff asserts seven grounds for relief, discussed below.

24   A.  Denial of Parole Claims

25   Four of plaintiff's claims concern the BPH's decision to deny him parole after a hearing in

26   February 2013.

27   Claim 1.  Plaintiff alleges that, at a 2009 hearing before defendant BPH Deputy

28   Commissioner Martin, Martin informed him that "the BPH had a policy to deny parole at Initial

2

1   Hearings for the purpose of testing the inmate's future behavior to receiving negative news in a

2   prison setting.  Martin also informed Victory that a refusal to discuss the offense would result in

3   being denied parole." (ECF No. 8-1 at 3.)

4   　　　In February 2013, Martin and defendant Anderson presided over plaintiff's initial hearing.

5   (Id.)  Plaintiff took his counsel's advice not to discuss the facts of his commitment offense and,

6   after a five-hour hearing, was denied parole for five years.  (Id. at 4.)  Plaintiff asserts that BPH

7   officials' "sub rosa policy of denying parole at 99.6% of initial hearings based on an individual's

8   offense" violates the federal due process rights of life term inmates, including himself.  (Id.)

9   　　　Plaintiff seeks to litigate this claim as a class action; however, he has made no motion

10  pursuant to Federal Rule of Civil Procedure 23 seeking to have the court certify this matter as a

11  class action.  Moreover, plaintiff is a non-lawyer proceeding without counsel.  It is well

12  established that a layperson cannot ordinarily represent the interests of a class.  See Fed. R. Civ.

13  P. 23(a)(4) (requiring that class representative be able to "fairly and adequately protect the

14  interests of the class"); see also McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (lay

15  person lacks authority to appear as attorney for others).  Accordingly, the court will treat this

16  ground as an individual claim for relief.

17  　　　Claim 2.  At his 2013 parole hearing, plaintiff invoked his Fifth Amendment right to

18  remain silent, as advised by counsel, and did not answer questions about the commitment offense.

19  (ECF No. 8-1 at 4.)  Plaintiff asserts that defendants Anderson and Martin violated his right to

20  remain silent, as plaintiff's silence was a factor in their decision to deny parole.  (Id.)

21  　　　Claim 3.  Plaintiff asserts that, at his 2013 parole hearing, Anderson and Martin "relied on

22  evidence that was previously ruled as prejudicial and inadmissible by the trial court."  (Id.)

23  Plaintiff claims this violated his right to a fair and impartial hearing.  (Id. at 5.)

24  　　　Claim 7.  Plaintiff asserts that defendants at his 2013 hearing imposed an excessive five-

25  year denial of parole in violation of the Ex Post Facto Clause.  (Id. at 7.)

26  　　　State prisoners may challenge the constitutionality of state parole procedures in an action

27  under §1983 seeking declaratory and injunctive relief.  Wilkinson v. Dotson, 544 U.S. 74, 76

28  (2005).  In Wilkinson, the United States Supreme Court addressed the issue of whether an inmate

3

1    could challenge a parole denial via § 1983 rather than habeas corpus.  Id. at 74. The Court

2    determined that an inmate may initiate a § 1983 action to seek invalidation of "state procedures

3    used to deny parole eligibility ... and parole suitability," but he may not seek "an injunction

4    ordering his immediate or speedier release into the community."  Id. at 82.  At most, an inmate

5    can seek as a remedy "consideration of a new parole application" or "a new parole hearing,"

6    which may or may not result in an actual grant of parole.  Id.

7         Here, plaintiff does not point to any BPH procedures that potentially violate his federal

8    due process rights.  In Swarthout v. Cooke, 562 U.S. 216 (2011), the Supreme Court held that,

9    even if a California prisoner has a state-created liberty interest in parole, the only federal due

10   process to which a prisoner challenging the denial of parole is entitled is the minimal procedural

11   due process protections set forth in Greenholtz v. Inmates of Nebraska Penal and Corrections

12   Complex, 442 U.S. 1, 16 (1979) (i.e., an opportunity to be heard and a statement of reasons for

13   the denial).  Id. at 220.  Under Swarthout, "it is no federal concern...whether California's 'some

14   evidence' rule of judicial review (a procedure beyond what the Constitution demands) was

15   correctly applied."  See id. at 220-21.  Plaintiff does not allege that these minimal procedural due

16   process protections were not met.

17        To the extent plaintiff claims his custody violates the constitution, his claims are barred by

18   Heck v. Humphrey, 512 U.S. 477 (1994).  Heck holds that federal challenges, which, if

19   successful, would necessarily imply the invalidity of incarceration or its duration, must be

20   brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of

21   relief.  Muhammad v. Close, 540 U.S. 749, 750–751 (2004).  Accordingly, "a state prisoner's

22   [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages

23   or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction

24   or internal prison proceedings)—if success in that action would necessarily demonstrate the

25   invalidity of confinement or its duration."  Wilkinson, 544 U.S at 81–82.  See Butterfield v. Bail,

26   120 F3d 1023, 1024 (9th Cir. 1997) ("Few things implicate the validity of continued confinement

27   more directly than the allegedly improper denial of parole.").

28        For these reasons, plaintiff's parole claims should be dismissed.

4

B. <u>State Habeas Claims</u>

<u>Claims 4 & 5.</u>  These claims concern state habeas proceedings challenging plaintiff's 2013 denial of parole.  Plaintiff claims the superior court "failed to properly adjudicate the merits" of his habeas petition and that defendant court clerks "failed to fulfill their ministerial duties" with respect to his state litigation.  (<u>Id.</u> at 5-6.)  Plaintiff asks this court to "remand" his habeas petition to the state courts and order state judges and staff to take certain actions in plaintiff's case.  (<u>Id.</u> at 7.)

Plaintiff fails to state a cognizable claim on the facts alleged.  <u>See</u> <u>Bianchi v. Rylaarsdam</u>, 334 F.3d 895, 898 (9th Cir. 2003) (<u>Rooker-Feldman</u> doctrine "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state court judgments."); <u>see also</u> <u>In re Castillo</u>, 297 F.3d 940, 952 (9th Cir. 2002) (extending absolute quasi-judicial immunity to court clerks for administrative acts which are part of the judicial function).  Thus these claims should be dismissed as well.

C. <u>Inmate Appeal Claim</u>

<u>Claim 6.</u>  Plaintiff alleges that defendants Hodges and Lozano denied his inmate appeal seeking access to confidential documents in his Central File.  Plaintiff claims that defendants' denial of his grievance violated his right to due process.  (ECF No. 8-1 at 6.)  Inmates have no Constitutional right to a specific prison grievance procedure.  <u>See</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003), citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988); <u>see also</u> <u>McCoy v. Roe</u>, 509 Fed. Appx. 660, 660 (9th Cir. Feb.19, 2013) (affirming dismissal of claims arising from defendants' handling of prisoner's grievances) (citing <u>Ramirez</u>).  Thus this claim is also subject to dismissal.

In sum, plaintiff's complaint should be dismissed in its entirety for the reasons set forth above.

IV. <u>No Leave to Amend</u>

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the

1   defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see

2   also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given

3   leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely

4   clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.

5   Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear

6   that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.

7   Cato, 70 F.3d at 1005-06.

8       Here, as it appears amendment would be futile, the undersigned will recommend that this

9   action be dismissed without leave to amend.

10      Accordingly, IT IS HEREBY RECOMMENDED that the complaint be dismissed without

11  prejudice and this case closed.

12      These findings and recommendations are submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

14  after being served with these findings and recommendations, plaintiff may file written objections

15  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

16  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

17  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

18  (9th Cir. 1991).

19  Dated:  November 4, 2016

20                                                                  CAROLYN K. DELANEY
21                                                                  UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27  2 / vict0997.14.parole

28